**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re: Marc & Kelly Clark** | **Case  No. 19-30720** |
| **Debtors** | **Chapter No. 7** |
| | **Judge Laura K. Grandy** |

### SUPPLEMENTAL MEMORANDUM TO THE ITEMIZED FEE STATEMENT

Attorney Mark T. Lavery, counsel for Ronald Buch in his capacity as a Partner of UpRight Law, respectfully submits this Supplemental Memorandum to the Itemized Fee Statement relating to the representation of Debtors Marc J. Clark and Kelly Jo Clark.  Counsel respectfully submits that the fee charged in this Chapter 7 case was reasonable.  In addition to the Itemized Fee Statement, Counsel has included this Memorandum for the Court's consideration.

1. The Court has ordered production of an Itemized Fee Statement relating to the representation of the Debtors Marc J. Clark and Kelly Jo Clark.  That Itemized Fee Statement is attached hereto as Exhibit A to the Certification of Ryan Galloway in Support of Itemization of Fees.  As reflected in Exhibit A, on an hourly basis, the firm provided over $2,500 of services to the Debtors – approximately $800 more than the Debtors were charged for their representation in this Chapter 7 matter.  Moreover, Counsel notes that the 341 hearing has not occurred in this case yet, such that UpRight Law, through Mr. Buch, will devote additional time to this matter that is not yet reflected in this Itemized Fee Statement.

2. UpRight Law did not charge the Debtors for the amount reflected in the Itemized Fee Statement. As is true for many consumer bankruptcy engagements, the representation in this case involved a flat fee. (*See* Exhibit B at 2). Flat fee representations are common in consumer bankruptcy. *See In re Gage*, 394 B.R. 184, 189 (Bankr. N.D. Ill. 2008) (noting, albeit in the Chapter 13 context, that increasing numbers of the consumer bankruptcy bar have opted for flat fee agreements). Under the terms of the retainer agreement, the Debtors agreed to pay a flat fee of $1,775. Given the amount of time spent on this matter, they were beneficiaries of this flat fee arrangement.

3. Counsel nevertheless understands that the Court's request for an Itemized Fee Statement arises in the context of the Court having concern about the reasonableness of the $1,775 flat attorney fee charged in this Chapter 7 case.

4. To the extent that the Court's view is informed by the Seventh Circuit's decision *Matter of Geraci*, 138 F.3d 314, 317 (7th Cir. 1998), which found an $800 Chapter 7 fee to be reasonable, the undersigned counsel respectfully suggests that, in 2019, $800 does not represent the upper limit of what a debtor's firm reasonably can charge in a Chapter 7 case. The Seventh Circuit has held that it is an abuse of discretion to determine reasonableness of fees based on a ten-year old base fee. *Matter of Kindhart*, 160 F.3d 1176, 1179 (7th Cir. 1998).

5. Undersigned counsel respectfully submits that an $800 base fee is not a reasonable base fee for a Chapter 7 of this nature, given that the *Geraci* decision is now more than two decades old, given that inflation has substantially increased the cost of goods and services since that time, and given that the costs and burdens associated with preparing and filing bankruptcy petitions has significantly increased since 1998 due to the intervening

enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

6.  In that regard, undersigned counsel notes that the impact of inflation has manifested itself within the judicial system over the past few decades. For example, based on available data, the filing fees associated with Chapter 7 bankruptcies have risen from $145 in 1994, to $209 in 2003, and now sit at $335. *See* FINAL REPORT OF THE ABI COMMISSION ON CONSUMER BANKRUPTCY (2017-2019), Sec. § 5.01 at 199. Over that time period, filing fees have increased 131%.[1] Similarly, judicial salaries have increased significantly. In 1998, the salary for a U.S. District Court judge was $136,700. In 2019, U.S. District Court judges make $210,900. *See* www.uscourts.gov/judges-judgeships/judicial-compensation. Undersigned counsel does not raise these statistics to suggest that these increases are unreasonable. Rather, these statistics serve as comparative data points for recognizing that inflation has resulted in cost increases within the judicial system.

7.  But inflation is not the only factor impacting the costs of consumer bankruptcy legal services since 1998. In 2005, Congress enacted BAPCPA. When Congress did so, it was well aware of the likelihood that this legislation would increase the cost of providing consumer bankruptcy services, and that those costs would likely be borne by consumers. As reflected in the legislative history of BAPCPA, the American Bar Association predicted

---

[1] The ABI Commission's Report does not contain information on the exact amount of filing fees in 1998, the data points available (which included 1994 and 2003) illustrate that filing fees have increased significantly over this time period.

that BAPCPA would increase attorney's fees in consumer bankruptcy cases in an amount up to $500. See H.R. REP. 109-31(I), H.R. REP. 109-31(I) (2005) at 116.

8. This American Bar Association's prediction quickly proved to be correct. According to the Unites States Government Accountability Office, between 2005 and 2007 alone, "Consumers filing for bankruptcy pa[id] higher legal and filing fees since the Bankruptcy Reform Act went into effect. Based on a random sample of bankruptcy files, GAO estimated that the average attorney fee for a Chapter 7 case increased from $712 in February-March 2005 to $1,078 in February-March 2007." *See* U.S. Government Accountability Office report to Congress, "BANKRUPTCY REFORM, Dollar Costs Associated with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005". Thus, in a two-year period alone during the middle of last decade, BAPCPA quickly increased the average cost of Chapter 7 bankruptcy attorney fees by over 50%.

9. The Seventh Circuit has recognized that presumptively reasonable fees should be adjusted periodically. *See In re Kindhart*, 167 F.3d 1158, 1160 (7th Cir.1999)). Yet, it appears that there has been no adjustment to the presumptively reasonable fee for Chapter 7 cases by court order or court opinion in the Southern District of Illinois since the *Kindhart* decision over twenty years ago. Undersigned Counsel could find no reported cases dealing with the reasonableness of fees in a Chapter 7 consumer bankruptcy from the Southern District of Illinois since 1997.

10. In sharp contrast, rates for Chapter 13 bankruptcies in the Southern District of Illinois have undergone review since the late 1990s. The current flat fee for a Chapter 13 bankruptcy is $4,500 for a non-business bankruptcy in the Southern District of Illinois. *See* Southern District of Illinois Chapter 13 Procedure Manual at 16. In 1999, the presumptively

reasonable fee in Chapter 13 cases in the Southern District of Illinois was $1,200. *In re Kindhart,* 167 F.3d 1158, 1160 (7th Cir. 1999). Accordingly, Chapter 13 fees in the Southern District of Illinois have increased by 375% since 1999.

11. Applying the same percentage increase to the $800 presumptive reasonable fee in 1998 for Chapter 7 cases (as set forth in *Geraci*) would result in a presumptively reasonable fee of $3,000. Such a rate would be commensurate with the presumptively reasonable rate of $2,500 last identified for Chapter 7 cases in the Central District of Illinois, effective 2010. See https://www.ilcb.uscourts.gov/sites/ilcb/files/Peoria%20Order.pdf.[2]

12. Counsel respectfully submits that there should not be asymmetrical increases allowed between Chapter 7 and Chapter 13 cases. There is significant public commentary on the so-called problem of certain attorneys "steering" their Chapter 13 bankruptcies, rather than Chapter 7 bankruptcies, when it is against the interests of the client. *See*, *e.g., "No Money Down" Bankruptcy*, Pamela Foohey, Robert M. Lawless, Katherine Porter, & Deborah Thorne, 90 S. Cal. L. Rev. 1055, 1055 (2017) ("Because they must pay their attorneys, many consumers will file Chapter 13 to finance their access to the law, rather than because they prefer the law of Chapter 13 over Chapter 7.")

13. Although there are certainly cases when a client's interests are best served by filing a Chapter 13 bankruptcy, Chapter 7 bankruptcies often better suit the interests of debtors. *See id.* (explaining that the average cost of a Chapter 7 bankruptcy is approximately one-third of the cost of a Chapter 13; that almost all Chapter 7 bankruptcies end with the debtor receiving a discharge of debts, while only approximately one-third of Chapter 13 cases end in discharge; and that Chapter 7 bankruptcies result in a "quick discharge," while Chapter

---

[2] The U.S. Bankruptcy Court for the Central District of Illinois no longer sets a presumptively reasonable for cases. But $2,500 was the last Chapter 7 fee that was set in 2009 (made effective 2010).

5

13 requires debtors to complete a three-to-five year payment plan).  Unfortunately, academic studies have revealed that "chapter choice is powerfully shaped by when debtors must pay their attorneys and how attorneys can receive payments.") *Id*. at 1058.

14. Allowing attorneys to charge $4,500 for a Chapter 13 bankruptcy, while not allowing commensurate percentage increases in Chapter 7 cases has the potential to exacerbate these tendencies among certain practitioners.  It would be anomalous and problematic to allow this.

15. Courts from other parts of the country that have more recently examined fees in Chapter 7 cases have held that fees above $1,775 were reasonable.  For example, a bankruptcy court in Utah recently held that a fee of $2,007 was reasonable for a Chapter 7 case. *In re Hazlett*, No. BR 16-30360, 2019 WL 1567751, at *11 (Bankr. D. Utah Apr. 10, 2019).  The Hazlett case was a no-asset case that was straight-forward and a discharge was entered in less than four months. See *In Re Hazlett*, 2:16-bk-30360 (D. Utah).  Other cases that have found Chapter 7 fees above $1,775 to be reasonable include: *Re Jordana Ndon*, No. 18-10333, 2018 WL 6839745, at *1 (Bankr. D. Del. Nov. 8, 2018) (fee of $2,525 was reasonable for a Chapter 7 bankruptcy); *In re Chin Kim*, No. 10-77169-AST, 2012 WL 3907490, at *5 (Bankr. E.D.N.Y. Sept. 6, 2012) and *In re Tosif*, No. 12-71932-AST, 2012 WL 4832335, at *5 (Bankr. E.D.N.Y. Oct. 10, 2012) ($3,000 and $2,500 were reasonable fees for Chapter 7 cases); *In re Dorn*, 443 B.R. 555, 556 (Bankr. M.D. Fla. 2011) (fee of $3,450 was

reasonable for a no-asset Chapter 7); *In re Datta*, No. 8-08-72740-AST, 2009 WL 1941974, at *8 (Bankr. E.D.N.Y. July 2, 2009)(fee of $1,800 was reasonable).

16. To the extent that the Court's views on reasonableness are informed by *relative* comparisons to those fees charged by other firms in this District that have charged less than $1775 in Chapter 7 cases, Counsel respectfully submits that the court should evaluate what a presumptively reasonable rate in Chapter 7 for the Southern District of Illinois, as contemplated by *In re Kindhart*, 160 F.3d 1176, 1179 (7th Cir. 1998), rather than to engage in relative comparisons. To the extent that the Court deems relative comparisons to be relevant and appropriate, Debtors' Counsel is a highly experienced bankruptcy practitioner with 27 years of consumer bankruptcy experience. With respect to UpRight Law, the firm provides services that go beyond those typically provided by consumer bankruptcy firms in the Southern District of Illinois. This includes, *inter alia*, the ability to initiate the process of obtaining bankruptcy representation remotely, without having to travel great distances; the offering of installment plans for fee payments (which results in added administrative burden and expense to the firm); and extended hours of client service that go beyond the traditional business hours associated with most consumer bankruptcy firms in this area.

17. Undersigned counsel hopes that between the Itemized Fee Statement, and the authorities and analysis contained in this Memorandum, will provide the Court with assurance that the $1,775 charged to the Debtors in this case is reasonable.

Respectfully submitted,
Counsel for Ronald A. Buch of UpRight Law

*/s/ Mark T. Lavery*

Mark T. Lavery
UpRight Law
79 W. Monroe, 10th Floor
Chicago, IL 60603
312-792-9533
mlavery@uprightlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF filing system and to debtor listed below via regular first-class mail, proper prepaid postage and deposited at U.S. mailbox in Belleville, Illinois on or about August 2, 2019:

Marc & Kelly Clark
28944 Cherokee Lane
Jerseyville, IL 62052

*/s/ Mark T. Lavery*

Mark T. Lavery
UpRight Law
79 W. Monroe, 10th Floor
Chicago, IL 60603
312-792-9533
mlavery@uprightlaw.com